USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/24/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

YOHANDRY JOSE CASTRO CONEO,

Petitioner,   ORDER

-against-

  25-cv-09850 (NSR)

JUDITH ALMODOVAR, *et al.*

Respondents.
-----------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Petitioner Yohandry Jose Castro Coneo ("Petitioner") commenced this action by filing a petition for writ of habeas corpus on November 26, 2025, alleging that United States Immigration and Customs Enforcement ("ICE") is unlawfully detaining him. (ECF No. 1.) Plaintiff seeks (1) to prevent his transfer from outside the jurisdiction of the Southern District of New York while his habeas petition is pending and (2) his immediate release from ICE custody. (*Id*.)

Petitioner is a citizen and national of Venezuela who entered the United States on or about March 3, 2024. Since then, Petitioner has resided in Corona, Queens County, New York, together with his wife and their two children. On November 12, 2025, Petitioner appeared for a scheduled master calendar hearing at the New York Immigration Court. At the conclusion of the hearing, the immigration judge scheduled his next hearing date for September 2026. As Petitioner exited the courtroom, ICE officers apprehended him. He was transferred to Orange County Correctional Facility and has remained detained there.

Petitioner challenges his continued detention without release or a bond hearing, arguing that ICE and the Executive Office of Immigration Review ("EOIR") have improperly treated him as a subject to mandatory detention under § 1225(b)(2)(A), and is therefore ineligible for bond. As a

1

result, Petitioner has not been afforded any opportunity to appear before an immigration judge to request release, nor has he been evaluated under the traditional § 1226(a) flight risk or danger assessment. Petitioner asserts that his motion should have been reviewed pursuant to 8 U.S.C. § 1226(a), which applies to individuals present in the U.S. Petitioner now moves for a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b), seeking this Court to prevent his transfer outside the jurisdiction of the Southern District of New York while his habeas corpus petition is pending. (ECF No. 3.)

Upon reviewing Petitioner's motion papers, the Court GRANTS Petitioner's TRO application to the extent that (1) ICE is prohibited from transferring Petitioner outside the jurisdiction of the Southern District of New York; and (2) the parties can appear before the Court for a show of cause hearing to determine whether Petitioner can meet the requisite standard as required by statute and caselaw, which is to establish that (i) he is likely to succeed on the merits; (ii) he is likely to suffer irreparable harm in the absence of preliminary relief; (iii) the balance of equities tips in his favor; and (iv) that an injunction is in the public interest. Fed. R. Civ. P. 65; *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 279 (2d Cir. 2021), *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569, 213 L. Ed. 2d 1126 (2022); *see also Benihana, Inc. v. Benihana of Tokyo*, LLC, 784 F.3d 887, 895 (2d Cir. 2015); *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

The Court previously issued an order reflecting the parties' agreement that a formal conference was unnecessary and indicating that it would resolve the pending TRO application on the papers alone. (ECF No. 21.) Should the Court determine that further argument is necessary, the Court will schedule a future show-cause hearing and notify the parties accordingly. The Court notes that this matter has been fully briefed.

Dated: December 24, 2025
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge